Fiiost J.
delivered the opinion of the Court.
The payment of the judgment of Minter, v. Kidd and Morrow, was proved by undisputed evidence of the payment by Morrow of the money to Minter; by Minter’s acknowledgement in writing on the execution of payment in full, and by the statement in the assignment of the execution by Minter to Moss, that it had been settled in March, 1834. Against this plenary proof, the declarations of Kidd were offered that the execution was not paid- It was not even stated that Kidd was dead. The evidence was held to be incompetent, because it did not appear that Kidd was not living, and within the jurisdiction of the Court. He was a competent witness to prove that of which his declarations were offered in evidence. The declarations or statements of persons are admitted in many cases where they appear to have been made against their interest, but in all the cases the person who made the declaration was deceased at the time of trial. 1 Phil. Ev. 255-260. If the rule were not confined to such cases, collusions might be formed between the party and his witnesses, who might easily be induced to *65 make declarations which they would be afraid to verify on oath in open Court; and without this, partial statements and misapprehension in various particulars, which are essential to the whole truth, would operate great injustice. A more striking case than the present of the danger of receiving such declarations, could hardly ho presented.
The motion is refused.